1  Mary-Alice Coleman (SBN: 98365)
   Dianne Schaumburg (SBN: 260704)
2  **LAW OFFICES OF MARY-ALICE COLEMAN, P.C.**
3  1109 Kennedy Place, Suite 2
   Davis, California 95616
4  Telephone: 916.498.9131
   Facsimile:  916.304.0880
5
6  Attorneys for Plaintiff,
7  ANDI BARONE

8              UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10 | ANDI BARONE,                          | Case No.:
11 |
12 |        Plaintiff,                     | **COMPLAINT FOR DAMAGES AND**
   |                                       | **INJUNCTIVE RELIEF FOR:**
13 |    v.
14 |                                       | 1.  **Discrimination and Harassment in**
15 | SUPERIOR COURT OF CALIFORNIA,         |     **Violation of Title VII;**
   | COUNTY OF LASSEN; CALIFORNIA          | 2.  **Retaliation for Protected Activity in**
16 | JUDICIAL COUNCIL; CALIFORNIA          |     **Violation of Title VII;**
17 | ADMINISTRATIVE OFFICE OF THE          | 3.  **Sex/Gender Discrimination in**
   | COURTS; TONY R. MALLERY; and DOES     |     **Violation of Cal. Gov. Code  §**
18 | 1-10, INCLUSIVE,                      |     **12940(a);**
19 |                                       | 4.  **Sex/Gender Harassment in Violation**
   |        Defendants.                    |     **of Cal. Gov. Code  § 12940(i);**
20 |                                       | 5.  **Retaliation for Protected Activity in**
   |                                       |     **Violation of Cal. Gov. Code  §**
21 |                                       |     **12940(h);**
22 |                                       | 6.  **Failure to Prevent Discrimination,**
   |                                       |     **Harassment and Retaliation in**
23 |                                       |     **Violation of Cal. Gov. Code  §**
24 |                                       |     **12940(k); and**
25 |                                       | 7.  **Retaliation for Whistleblowing and**
   |                                       |     **Interference with Protected Activity**
26 |                                       |     **in Violation of Cal. Gov. Code §**
27 |                                       |     **8547.13.**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

**AND REQUEST FOR JURY TRIAL**

Plaintiff ANDI BARONE, by way of Complaint, alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000(e) ("Title VII"), as well as for violations of California's Fair Employment and Housing Act, California Government Code sections 12940-12951 ("FEHA"), California Labor Code section 1102.5, and California Government Code sections 8547-8547.15.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. section 1331, in that Plaintiff herein seeks redress for violations arising under federal law.  This Court also has jurisdiction over Plaintiff's pendant California statutory claims pursuant to 28 U.S.C. section 1367(a).

2.      Venue is properly before the United States District Court for the Eastern District of California pursuant to 28 U.S.C. section 1391(b), in that a substantial part of the events or omissions giving rise to this action occurred within this judicial district.

3.      Plaintiff ANDI BARONE is, and at all relevant times mentioned herein was, a citizen of the United States residing in the County of Lassen, State of California.

4.      Plaintiff is informed and believes and thereon alleges that, at all times relevant herein, Defendant SUPERIOR COURT OF CALIFORNIA, COUNTY OF LASSEN ("SUPERIOR COURT") was a trial court within the judicial branch of the government of the State of California.

5.      Plaintiff is informed and believes and thereon alleges that, at all times relevant herein, Defendant CALIFORNIA JUDICIAL COUNCIL ("CJC") was a body of the judicial branch of the State of California.

6.      Plaintiff is informed and believes and thereon alleges that, at all times relevant herein, Defendant CALIFORNIA ADMINISTRATIVE OFFICE OF THE COURTS

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

1   ("AOC") was a subdivision of the CJC.

2       7.    Plaintiff is informed and believes and thereon alleges that Defendant TONY

3   R. MALLERY (hereinafter "Defendant MALLERY") is, and at all times herein mentioned

4   was, an individual residing within this judicial district and employed by the judicial branch

5   of the State of California as a judge for Defendant SUPERIOR COURT.

6       8.    Plaintiff is unaware of the true names and capacities of the individual

7   Defendants sued as "DOES" 1 through 10, inclusive, and therefore sues these Defendants

8   by such fictitious names.  Plaintiff is informed and believes, and therefore alleges, that the

9   Defendants herein designated as "DOES" are legally responsible in some manner for the

10   events and happenings referred to which caused the injuries to Plaintiff for which Plaintiff

11   now seeks damages.  Plaintiff will amend her Complaint to allege the true names and

12   capacities of these DOE defendants when ascertained.

13       9.    All of the described conduct, acts and failures to act described herein were

14   performed by, and are attributed to, all Defendants, acting as agents and employees under

15   the direction and control of the other Defendants, except where specifically alleged

16   otherwise. These acts and failures to act were within the scope of such agency and/or

17   employment, unless stated otherwise, and each Defendant ratified the acts and omissions

18   of each of the other Defendants. Each of these acts and failures to act is alleged against each

19   Defendant whether acting individually, jointly or severally.

20       **<u>FACTS COMMON TO ALL CLAIMS</u>**

21       10.    Plaintiff is female.

22       11.    Plaintiff is informed and believes and thereon alleges that, at all times

23   relevant hereto, Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive were

24   dual or joint employers of Plaintiff.

25       12.    Plaintiff has been employed by Defendants SUPERIOR COURT, CJC, AOC,

26   and DOES 1-5, inclusive, since April 27, 1998. Since July, 2012, Plaintiff has served as the

27   Court Executive Officer ("CEO") of Defendant SUPERIOR COURT.

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

- 3 -

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Barone v. Superior Court of California, County of Lassen, et al.*

13.     The Court Executive Officer is the highest non-judicial position in the California trial court. Pursuant to California Rules of Court Rule 10.610, as Defendant SUPERIOR COURT's CEO, Plaintiff is responsible for overseeing the management and administration of the non-judicial operations of the court and allocating resources in a manner that promotes access to justice for all members of the public, provides a forum for the fair and expeditious resolution of disputes, maximizes the use of judicial and other resources, increases efficiency in court operations and enhances service to the public.

14.     Plaintiff's duties as CEO include the following:

    a.  Providing general direction to and supervision of the employees of the court, drafting and administering a personnel plan for court employees, and hiring, disciplining and terminating non-judicial employees of the court.

    b.  Making recommendations on budget priorities, preparing and implementing court budgets, and employing sound budget and fiscal management practices and procedures.

    c.  Supervising and employing efficient calendar and caseflow management systems, including analyzing and evaluating pending caseloads and recommending effective calendar management techniques.

    d.  Managing the jury system in the most efficient and effective way.

    e.  Creating and managing uniform recordkeeping systems, collecting data on pending and completed judicial business and the internal operation of the court, as required by the court and the Judicial Council.

    f.  Identifying problems and recommending procedural and administrative changes to the court.

    g.  Acting as a liaison to other governmental agencies, the media and the public.

15.     Pursuant to Defendant SUPERIOR COURT's Court Executive Officer job

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

- 4 -

COMMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

description, in carrying out the above-referenced duties, Plaintiff must exercise considerable judgment, as errors could result in inefficient operations of the court, poor community relations and possible litigation against the Court.  Plaintiff is required to establish and maintain positive working relationships with elected officials, staff, the public and representatives from other agencies.  She must establish an effective team atmosphere and provide leadership in solving problems in a collaborative and systematic fashion.  She must also proactively propose and initiate changes in operations to achieve efficiencies and manage the court budget.

16.    In addition to the above-referenced duties, Plaintiff, like all California court employees, is also required to comply with a code of ethics that provides for, among other things, (1) the impartial and evenhanded treatment of all persons, (2) the highest standards of personal integrity, honestly and truthfulness, (3) respect, courtesy and responsiveness and acting always to promote public esteem in the court system, (4) the safeguarding of confidential information, (5) the refraining from actual impropriety and avoiding any appearance of impropriety that might diminish the honor and dignity of the court, (6) service and assistance to the public without giving legal advice, (7) guarding against and repudiating any act of discrimination or use of positional or personal power to harass another person, and (8) protecting the technological property of the court.

17.    Defendant SUPERIOR COURT is a two-judge court.  In November 2012, Defendant MALLERY, a male, was elected to serve as a judge for Defendant SUPERIOR COURT.

18.    The other judge for Defendant SUPERIOR COURT is Michele Verderosa, a female, who was appointed by Governor Arnold Schwarzenegger in October 2010, and remained on the bench under a new six-year term after she was unopposed in the 2012 election.

19.    Judge Verderosa became Presiding Judge of Defendant SUPERIOR COURT on January 7, 2013.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

20.   On December 20, 2012, Defendant MALLERY took the oath of office administered by the County Clerk. When Plaintiff learned of this on January 7, 2013, the day of his official swearing-in ceremony, Plaintiff asked Defendant MALLERY about it. Defendant MALLERY denied having previously been sworn. Plaintiff thereafter contacted the County Clerk and confirmed that Clerk had, in fact, administered the oath of office to Defendant MALLERY on December 20, 2012.  Thus, Defendant MALLERY was untruthful to Plaintiff, the CEO, on his first day as a judicial officer. The relationship between Defendant MALLERY on the one hand, and Plaintiff and the other females employed by the Court, on the other, went downhill from there.

21.   Commencing on his first day of office and continuing to date, Defendant MALLERY has subjected Plaintiff and the court's female staff members to a campaign of hostility, abuse, disrespect and intimidation, and has regularly disrupted and impeded court operations to the extent that it is virtually impossible for Plaintiff and her female staff to perform their job duties and comply with their ethical obligations. Defendant MALLERY's wrongful conduct includes, but is not limited to, the following:

    a.   Yelling, ranting and raising his fists at Plaintiff;

    b.   Loud, angry and belligerent badgering of Plaintiff and her staff;

    c.   Intimidation and belittling of Plaintiff and female staff;

    d.   Refusing to follow court protocols;

    e.   Ordering Plaintiff and other court staff to perform illegal and improper acts;

    f.   Ordering Plaintiff and other court staff to perform acts forbidden by the code of ethics applicable to court employees;

    g.   Shunning Plaintiff;

    h.   Bypassing Plaintiff;

    i.   Refusing to meet or communicate with Plaintiff, or even be in the same room with her;

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

j.   Refusing to acknowledge the authority of Plaintiff;

k.   Refusing to call Plaintiff by name and instead referring to her as "B";

l.   Continually refusing to cooperate with Plaintiff's efforts to ensure compliance with the court's legal and ethical obligations;

m.   Interfering with Plaintiff's training, monitoring and supervision of court staff;

n.   Interfering with Plaintiff's clerk assignments and scheduling;

o.   Refusing to comply with the court's calendaring protocols, thereby inconveniencing court interpreters, reporters and others and making it difficult for Plaintiff and her staff to obtain needed support services;

p.   Undermining Plaintiff's authority as CEO;

q.   Disrupting and damaging Plaintiff's relationships with subordinates, Sheriffs, auxiliary service providers, Public Defenders, District Attorneys, Probation Officers and other individuals.

22.   Defendant MALLERY's daily conduct, as described above, has made it extremely difficult for Plaintiff to perform her job duties to train, monitor and supervise court personnel, employ sound budget and fiscal management practices, create and manage uniform recordkeeping systems, supervise and employ efficient calendar and caseflow management systems, identify problems and recommend procedural and administrative changes, and act as liaison to other governmental agencies, the media and the public.

23.   Defendant MALLERY's daily conduct, as described above, has severely inhibited Plaintiff's ability to maintain positive working relationships, establish an effective team atmosphere, and provide leadership in solving problems in a collaborative and systematic fashion.

24.   Defendant MALLERY's daily conduct, as described above, has also made it difficult, and at times impossible, for Plaintiff and other female court staff to comply with

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

their ethical obligations, including their obligations to treat all persons with impartiality, maintain the highest standards of personal integrity, honesty and truthfulness, refrain from actual impropriety and avoid any appearance of impropriety that might diminish the honor and dignity of the court, maintain confidentiality, and refrain from giving legal advice.

25.     Defendant MALLERY's daily conduct, as described above, has been erratic and unpredictable and has created a chaotic environment that leaves Plaintiff and her female staff in a constant state of hypervigilance, dread, anxiety and fear.

26.     In contrast to his behavior toward females at the court, Judge Mallery behaves in a calm, cordial, respectful and cooperative manner toward male judicial officers, courthouse bailiffs, Sheriff's deputies and attorneys.

27.     On several occasions between January 2013, and the present, Plaintiff reported the above-referenced harassment by Defendant MALLERY to her supervisor, Presiding Judge Verderosa.

28.     Defendant MALLERY was aware of Plaintiff's reports to Presiding Judge Verderosa regarding Defendant MALLERY's harassment at or around the time Plaintiff's reports were made.

29.     After Plaintiff made the above-referenced reports to Presiding Judge Verderosa, Defendant MALLERY intensified his abuse and hostility towards Plaintiff and other female court staff.

30.     On September 18, 2015, Plaintiff filed a Complaint of Discrimination with the California Department of Fair Employment and Housing ("DFEH"), alleging discrimination, harassment and retaliation by Defendants, including Defendant MALLERY.   That same day, Plaintiff served this DFEH Complaint on Defendants SUPERIOR COURT and MALLERY.

31.     After Plaintiff filed the above-referenced DFEH Complaint on September 18, 2015, Defendant MALLERY escalated his hostility towards Plaintiff and other female court

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

1  staff, and increased his obstruction of orderly court processes and procedures, as described

2  above.

3      32.    Plaintiff reported to Defendant SUPERIOR COURT (via Presiding Judge

4  Verderosa) that Defendant MALLERY had escalated is hostility towards Plaintiff and other

5  female court staff and increased his obstruction of orderly court processes and procedures

6  after Plaintiff served the above-referenced DFEH Complaint on Defendant MALLERY, in

7  retaliation for Plaintiff's Complaint.

8      33.    On several occasions between January 2013, and the present, Plaintiff also

9  reported to Defendant SUPERIOR COURT (via Presiding Judge Verderosa), the CJP, the

10  AOC and the CJC, that Defendant MALLERY was engaging in judicial misconduct and

11  improper governmental activities.   These reports include, but are not limited to, the

12  following:

13          a.  On or about January 7, 2013, as discussed above, Plaintiff orally reported

14              to Presiding Judge Verderosa that Defendant MALLERY had lied to

15              Plaintiff when he denied having been sworn in as a judge by the County

16              Clerk in December 2012.

17          b.  On or about February 11, 2013, Plaintiff reported to Presiding Judge

18              Verderosa that Defendant MALLERY, over Plaintiff's strenuous

19              objections, had Plaintiff telephone Defendant MALLERY's wife, a local

20              practicing attorney, concerning cases for which his wife needed calendar

21              dates and was not being served quickly enough by the court clerks,  which

22              was an improper use of court personnel, gave the appearance of

23              impropriety and was an abuse of judicial power, in violation of the

24              California Code of Judicial Ethics.

25          c.  In or about February or March 2013, Plaintiff reported to Presiding Judge

26              Verderosa that Defendant MALLERY had been observed hugging a

27              defendant and a witness in open court, thereby creating security issues

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

- 9 -

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

and the appearance of bias.

d. On or about March 27, 2013, Plaintiff submitted a written report to Steven Crooks of the CJC Office of the General Counsel regarding issues Defendant SUPERIOR COURT was having with an unnamed newly elected judge,  including the judge's bypassing of Plaintiff with respect to calendar changes and procedural concerns,  circumventing appropriate processes.   Plaintiff informed Crooks that this conduct was causing operational issues because it was preventing the court from properly addressing the proposed changes and maintaining relationships with other agencies.  Plaintiff also informed Crooks that court operations were being affected by miscommunication through inappropriate channels.

e. At various times between April and November 2013, Plaintiff reported to Presiding Judge Verderosa that clerks and supervisors indicated that Defendant MALLERY was present on an almost daily basis for extended periods in the unsecured courthouse lobby, in the general operations areas, and at clerk filing windows, creating security issues and the appearance of impropriety and bias, as well as interfering with the clerks' performance of their duties, undermining Plaintiff's authority and generating discord, hostility and stress in the work environment.

f. On or about August 23, 2013, Plaintiff reported to Presiding Judge Verderosa that Defendant MALLERY had improperly provided a confidential internal court personnel memorandum to a former court employee.

g. On or about January 31, 2014, Plaintiff reported to Presiding Judge Verderosa that Defendant MALLERY had improperly delegated the judicial duty of imposing sentences on defendants to a court clerk.

h. On or about June 23, 2014, Plaintiff reported to Presiding Judge Verderosa

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

that Defendant MALLERY had improperly had a clerk investigate whether or not a defendant's vehicle was impounded, and if so where, and then determine if the vehicle had a lien against it, in violation of the Code of Ethics for Court Employees of California, which, among other things, prohibits clerks from improperly intervening to expedite administrative processes or engage in conduct that casts doubt upon the integrity and impartiality of the legal system.

i. In or about July 2014, Plaintiff reported to Presiding Judge Verderosa that Defendant MALLERY was improperly seeking reimbursement for mileage expenses for the use of his personal vehicle because he had chosen not to use the court vehicle provided to him for a training seminar.

j. On or about July 15, 2014, Plaintiff reported to Presiding Judge Verderosa that Defendant MALLERY had left the courthouse without notice and was unavailable to hear a regularly-scheduled calendar, in violation of his obligations as a judicial officer.

k. On or about July 22, 2014, Plaintiff reported to Presiding Judge Verderosa that Defendant MALLERY was allowing individuals not on calendar to address the court without notice, which created disparate treatment of members of the public, gave the appearance of inconsistent practices and procedures, and caused confusion and disruption in court operations.

l. On or about August 19, 2014, Plaintiff reported to Presiding Judge Verderosa that Defendant MALLERY had improperly permitted a law enforcement officer to amend an original citation contained in a court file by striking the original charge and adding a different charge.

m. In or about March 2015, Plaintiff reported to Presiding Judge Verderosa that Defendant MALLERY had been observed pulling a court file and altering original court documents, and that Plaintiff's review of the file

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

- 11 -

confirmed that dates and numbers on documents had been whited-out and changed.

n.  On or about March 12, 2015, Plaintiff submitted a written report and supporting documentation to the CJP, notifying the CJP that Defendant MALLERY had presided over a matter after being recused and sought to conceal this misconduct from Plaintiff and Presiding Judge Verderosa.

o.  In or about March and April 2015, Plaintiff reported to Presiding Judge Verderosa that Defendant MALLERY was not present during normal working hours without requesting time off, in violation of his obligations as a judicial officer.  On or about August 24, 2015, Plaintiff forwarded information concerning this violation to the CJP.

p.  On or about April 6, 2015, Plaintiff submitted a written report and supporting documentation to the CJP, notifying the CJP that Defendant MALLERY had been observed removing, copying and altering original documents from a case file on March 16, 2015.

q.  On or about April 16, 2015, Plaintiff submitted a written report and supporting documentation to the CJP, notifying the CJP that Defendant MALLERY had knowingly failed to discharge or perform his judicial duties by being unavailable for warrant duty. Additionally, Plaintiff reported that Defendant MALLERY showed partiality to a criminal defendant in the public lobby by escorting that defendant to a clerk's window and having a clerk information for the defendant, in violation of the clerk's ethical obligation to avoid the appearance of bias and refrain from giving legal advice.

r.  On or about June 30, 2015, Plaintiff submitted a written report and supporting documentation to the CJP, notifying the CJP that Defendant MALLERY had violated the policies and procedures of Defendant

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

- 12 -

SUPERIOR COURT by hearing cases not on calendar on numerous occasions, which caused serious operational and procedural concerns.

s.  On or about July 7, 2015, Plaintiff submitted a written report and supporting documentation to AOC Administrative Director Martin Hoshino, with a copy to the CJP, notifying him of ongoing issues that had arisen since Defendant MALLERY assumed the bench.  Plaintiff reported to Mr. Hoshino that Defendant MALLERY was creating an environment in which neither she nor her staff could perform their duties fairly and respectfully or provide equal access to justice for all members of the community.  Plaintiff further informed Hoshino that she was concerned that as a result of Defendant MALLERY's unwillingness to follow the Rules of Court, local rules, practices policies or procedures, and refusal to work with or acknowledge Plaintiff, Defendant SUPERIOR COURT was going to fail its mission of serving the community by fairly providing equal access to all.   Specifically, Plaintiff reported that Defendant MALLERY:

    i.  Had been hostile to court personnel;

    ii.  Had refused to meet with Plaintiff and Presiding Judge Verderosa to discuss court operations;

    iii.  Had refused to comply with directives not to engage directly with court staff;

    iv.  Had failed to recognize court practices and procedures;

    v.  Had failed to cooperate and collaborate with Plaintiff in upholding the canons of judicial ethics and performing judicial duties;

    vi.  Had failed to be available for warrant duty;

    vii.  Was presiding over matters after being recused;

    viii.  Was having the Court Manager engage in untruthful acts;

- 13 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*Barone v. Superior Court of California, County of Lassen, et al.*

ix.    Was altering court documents;

x.    Had improperly had clerks assist defendants at the counter and in court;

xi.    Was improperly hearing cases without files or an attorney present;

xii.    Was adding cases to the court calendar while court was in session, in violation of court practices and procedures;

xiii.    Was improperly having clerks take minutes without case files;

xiv.    Was having clerks operate outside court policies and procedures; and

xv.    Was improperly having clerks obtain proof for defendants.

t.  On or about July 22, 2015, Plaintiff reported to Presiding Judge Verderosa that Defendant MALLERY had been observed pulling case files from filing cabinets, in violation of long-established court file-handling protocols designed to protect the integrity of all case files.

u.  On or about July 22, 2015, Plaintiff submitted a written report and supporting documentation to the CJP, notifying the CJP that Defendant MALLERY had improperly heard a case that was not before him and had improperly had a clerk adjust payments on multiple cases involving this particular defendant.

v.  On or about July 23, 2015, Plaintiff submitted a written report and supporting documentation to the CJP, notifying the CJP that Defendant MALLERY was observed pulling court case files from the filing area and going through various court files in violation of long-established court file-handling protocols designed to protect the integrity of all case files. Plaintiff also reported that Defendant MALLERY had a court clerk provide him with the case file on a matter on which he had been

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

- 14 -

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

disqualified. Plaintiff thereafter exchanged emails with Stephen Rockwell of the CJP between July 29, 2015 and August 11, 2015, in response to his request for further information on Defendant SUPERIOR COURT's policies and procedures and clarification regarding the misconduct of Defendant MALLERY.

w. On or about July 28, 2015, Plaintiff reported to Presiding Judge Verderosa that Defendant MALLERY was again observed going through court files and making copies of documents.

x. On or about August 20, 2015, Plaintiff submitted a written report and supporting documentation to the CJP, notifying the CJP that Defendant MALLERY was observed by court staff on August 14, 2015 and August 17, 2014 pulling criminal case files and making copies of the court files in violation of long-established court file-handling protocols designed to protect the integrity of all case files, in a continuing violation of the Presiding Judge Verderosa's admonition and direction to not directly handle files.

y. In or about May 2016, Plaintiff reported to Presiding Judge Verderosa that an employee had asked to no longer clerk for Defendant MALLERY because his failure to follow court procedures and negative courtroom demeanor was causing her stress-related physical symptoms and that another employee had complained about Defendant MALLERY's demeanor.

z. On or about June 10, 2016, Plaintiff submitted a written report and supporting documentation to the CJP, notifying the CJP about additional misconduct by Defendant MALLERY, including the following:

    i. Defendant MALLERY had on several occasions improperly assisted parties with court forms and procedures and waived court

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Barone v. Superior Court of California, County of Lassen, et al.*

fees, thereby treating certain parties differently and creating the appearance of impropriety;

ii. Defendant MALLERY had improperly failed to perform his duties by delegating a judicial responsibility when had a clerk review the court files to determine whether a proposed judgment was proper and should be signed;

iii. Defendant MALLERY has a regular practice of vacating trial dates and resetting matters after jury summonses have been issued, which was wasting resources and causing unnecessary expense related to unused jurors, the preparation of jury summons and related staff duties, as well as causing other agencies to incur unnecessary trial preparation expenses.

aa. On or about June 10, 2016, Plaintiff also submitted information and documentation to the CJP concerning the complaints made by other court personnel regarding Defendant MALLERY, including the following:

i. Formal complaints in March, 2016 from two relatively new clerks regarding the stress they are experiencing while clerking for Defendant MALLERY and indicating that Defendant MALLERY is inhibiting their training and making it difficult for them to learn their jobs.

ii. A clerk's complaint in March, 2016 that Defendant MALLERY had made her uncomfortable when he told her that he had been diagnosed by numerous doctors for everything from allergies to STDs and described in detail an exam that included twisting his testicles.

iii. A complaint in March, 2016 by a clerk who indicated that clerking for Defendant MALLERY was causing her physical symptoms of

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

stress so severe that she left work ill, went to urgent care and was referred directly to the emergency room.

    iv.  A request by two clerks in May 2016 that they not be required to clerk for Defendant MALLERY because of the stress from his conduct, including a report by one of the clerks that the stress has caused a recurrence of her migraine headaches and that she fears she may have a flare-up of her ulcerative colitis if she continues to be assigned to him.

bb. On or about July 5, 2016, Plaintiff submitted a written report and supporting documentation to the CJP, notifying the CJP that Defendant MALLERY had been observed by a new court clerk assisting a family law party with the completion of documents, in violation of rules prohibiting judges from providing legal advice to parties in cases under review.

cc. On or about July 28, 2016, Plaintiff submitted a written report and supporting documentation to the CJP, notifying the CJP that it was becoming increasingly difficult to conduct court business on a regular basis and maintain appropriate standards, practices and procedures due to the continued misconduct of Defendant MALLERY. Plaintiff reported that Defendant MALLERY was disregarding court practices, creating a disagreeable environment, and taking actions that allow the integrity of the court files to be called into question. In this report, Plaintiff cited two recent examples: (1) an incident in which Defendant MALLERY had added two cases to the in custody arraignment calendar, after being informed that this was improper, and had entered orders on them without the case files present or the clerk having minutes to record the appropriate case information; and (2) an incident in which Defendant MALLERY was observed taking traffic files into the copy room and making copies when

- 17 -
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
*Barone v. Superior Court of California, County of Lassen, et al.*

he was supposed to be on vacation and had no matters on calendar. Plaintiff noted that judicial officers are often recused from cases for a variety of reasons and that it is of the utmost importance that the official court records are only removed from files by authorized staff for court calendars, filing purposes and other appropriate court business, in order to avoid bringing the integrity of the files into question.   Plaintiff expressed concern that Defendant MALLERY's continued circumventing of court practices and policies, undermining Plaintiff's authority, emboldening attorneys and other court users to disregard court policies and procedures, was creating an environment of uneven treatment and an appearance of impropriety, and was preventing Plaintiff and court staff from performing their duties as required by California Rule of Court 10.610 and the California Court Employees Code of Ethics.

dd. On or about August 12, 2016, Plaintiff submitted a written report and supporting documentation to the CJP concerning additional misconduct by Defendant MALLERY, including, among other things, (1) that Defendant MALLERY had a clerk add pages to a document on August 3, 2016; (2) that Defendant MALLERY had interfered with the training of a new staff member on  August 5, 2016; (3) that Defendant MALLERY had a lengthy ex parte meeting with a party on August 8, 2016; (4) that Defendant MALLERY had a clerk strike a matter without the proper documentation on August 9, 2016; and (5) that on August 9, 2016, Defendant MALLERY made a ruling against a party who had not been served.

ee. On or about August 12, 2016, Plaintiff submitted a second written report and supporting documentation to the CJP that in June 2016, Defendant MALLERY found a defendant guilty of a traffic infraction and forfeited

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

1    his bail, even though neither the officer nor the defendant had submitted

2    evidence to the court.

3        34.    At the time Plaintiff made the above-referenced reports to Presiding Judge

4    Verderosa, the CJP, the AOC and the CJC, Plaintiff had a reasonable and good faith belief

5    that the information she was reporting concerned illegal or improper governmental

6    activities by Defendant MALLERY.

7        35.    Plaintiff is informed and believes and thereon alleges that Defendant

8    MALLERY was aware of the above-referenced reports by Plaintiff to Presiding Judge

9    Verderosa, the CJP, AOC and CJC at or around the time the reports were made.

10       36.    After Plaintiff made the above-referenced reports to the Presiding Judge

11   Verderosa, the CJP, AOC and CJC, regarding Defendant MALLERY's misconduct,

12   Defendant MALLERY intensified his abuse and hostility towards Plaintiff and other female

13   court staff, and increased his obstruction of orderly court processes and procedures, as

14   described above.

15       37.    To Plaintiff's knowledge, neither Defendant SUPERIOR COURT, nor any of

16   the other judicial branch entities, including the CJC, AOC or CJP, has taken any effective

17   remedial action to date in response to Plaintiff's reports, and Defendant MALLERY's

18   misconduct continues.

19       38.    As the result of Defendant MALLERY's discriminatory, harassing and

20   retaliatory conduct, as alleged herein, Plaintiff has suffered and continues to suffer physical

21   and emotional symptoms, including but not limited to panic attacks, difficulty sleeping,

22   anxiety, trouble breathing, severe migraines and emotional distress, has been required to

23   seek medical treatment, has been prescribed anti-anxiety medication, and has had to take

24   time off of work due.

25                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

26       39.    On September 18, 2015, and again on February 4, 2016, Plaintiff filed

27   Complaints of Discrimination with the California Department of Fair Employment and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

1  Housing ("DFEH"), alleging discrimination, harassment and retaliation by Defendants.

2  Plaintiff received an immediate Right-to-Sue notice from the DFEH on February 4, 2016.

3  Accordingly, Plaintiff has exhausted her administrative remedies with respect to her claims

4  arising under FEHA.

5      40.    Plaintiff filed a Charge of Discrimination with Equal Employment

6  Opportunity Commission ("EEOC") on February 5, 2016, alleging discrimination,

7  harassment and retaliation by Defendants.   Plaintiff received a Right-to-Sue notice

8  regarding this Charge from the U.S. Department of Justice on June 6, 2016.   Accordingly,

9  Plaintiff has exhausted her administrative remedies with respect to her claims arising

10  under Title VII.

## FIRST CLAIM FOR RELIEF
### (Discrimination and Harassment Based on Sex in Violation of Title VII)
### (Against Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive)

13      41.    Plaintiff restates and incorporates the allegations contained in paragraphs 1

14  through 40, as though fully set forth.

15      42.    Pursuant to Title VII, it is an unlawful employment practice for an employer

16  to discriminate or harass any individual because of that individual's sex.

17      43.    Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive, are

18  employers as defined by Title VII because they regularly employ fifteen (15) or more

19  persons.

20      44.    Plaintiff was employed by Defendants SUPERIOR COURT, CJC, AOC and

21  DOES 1-5, inclusive.

22      45.    While employed by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-

23  5, inclusive, Plaintiff and other employees of said defendants were subjected to

24  discrimination and unwelcome harassing conduct in the workplace.

25      46.    The sex of Plaintiff and the other employees of said defendants was a

26  motivating factor for the harassment of them.

27      47.    The harassing conduct was severe or pervasive.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

48.     The harassing conduct altered the terms and conditions of Plaintiff's employment and created an abusive working environment.

49.     Plaintiff perceived the working environment to be abusive and hostile.

50.     A reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

51.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendant MALLERY was the proxy or alter ego of Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, because he exercised significant control over the affairs of said Defendants.

52.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive, authorized or furthered the conduct of Defendant MALLERY as alleged herein.

53.     Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive, and/or members of said Defendants' management, knew or should have known of the harassing conduct of Defendant MALLERY and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

54.     Plaintiff was harmed.

55.     The actions of Defendant MALLERY and the failure to act by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, and/or members of said Defendants' management were substantial factors in causing Plaintiff's harm.

56.     As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be proven at trial.

57.     As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has endured pain and suffering in the form of great anxiety, anger, depression, humiliation, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

58.      As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

59.      As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of suit, the precise amount of which will be proven at trial.

### SECOND CLAIM FOR RELIEF
**(Retaliation for Reporting Discrimination and Harassment in Violation of Title VII)**
**(Against Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive)**

60.      Plaintiff restates and incorporates the allegations contained in paragraphs 1 through 59, as though fully set forth.

61.      Pursuant to Title VII, it is an unlawful employment practice for an employer to discriminate against an employee because the employee has made any charges, testified, assisted or participated in enforcement proceedings or because the employee has opposed any employment practices forbidden under Title VII.

62.      Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, are employers within the meaning of Title VII because they regularly employ in excess of fifteen (15) employees.

63.      Plaintiff was employed by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive.

64.      Plaintiff complained to Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive, and to the DFEH and EEOC about, among other things, a hostile work environment caused by Defendant MALLERY's actions as alleged herein.

65.      As alleged in this Complaint, Defendant MALLERY engaged in conduct that was materially adverse to Plaintiff, in that it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

66.      When he engaged in the materially adverse conduct against Plaintiff, as alleged in this Complaint, Defendant MALLERY was aware of Plaintiff's complaints to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

1    Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, and to the DFEH and

2    EEOC.

3         67.    Plaintiff is informed and believes and thereon alleges that her protected

4    activity, as alleged herein, was the reason for Defendant MALLERY's materially adverse

5    conduct.

6         68.    Plaintiff is informed and believes and thereon alleges that at all times relevant

7    hereto, Defendant MALLERY was the proxy or alter ego of Defendants SUPERIOR

8    COURT, CJC, AOC, and DOES 1-5, inclusive, because he exercised significant control over

9    the affairs of said Defendants.

10        69.    Plaintiff is informed and believes and thereon alleges that at all times relevant

11   hereto, Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive, authorized or

12   furthered the conduct of Defendant MALLERY as alleged herein.

13        70.    Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, and/or

14   members of said Defendants' management, knew or should have known of the retaliatory

15   conduct and failed to take prompt, effective remedial action reasonably calculated to end

16   the retaliation.

17        71.    Plaintiff was injured.

18        72.    The actions and/or failure to act of Defendants SUPERIOR COURT, CJC,

19   AOC, and DOES 1-5, inclusive, were substantial factors in causing Plaintiff's injury.

20        73.    As a direct, foreseeable, and proximate result of said Defendants' conduct as

21   alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be

22   proven at trial.

23        74.    As a direct, foreseeable, and proximate result of said Defendants' conduct as

24   alleged herein, Plaintiff has endured pain and suffering in the form of great anxiety,

25   embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount

26   of which will be proven at trial.

27        75.    As a direct, foreseeable, and proximate result of said Defendants' conduct as

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

1    alleged herein, Plaintiff has incurred special and general damages, the precise amount of

2    which will be proven at trial.

3        76.    As a direct, foreseeable, and proximate result of said Defendants' conduct as

4    alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of

5    suit, the precise amount of which will be proven at trial.

6
### THIRD CLAIM FOR RELIEF
**(Sex/Gender Discrimination in Violation of Cal. Gov. Code § 12940(a))**
7    **(Against Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive)**

8        77.    Plaintiff restates and incorporates the allegations contained in paragraphs 1

9    through 76, as though fully set forth herein.

10       78.    Pursuant to California Government Code section 12490(a), it is an unlawful

11   employment practice "[f]or an employer, because of the . . . sex [or] gender . . . of any

12   person . . . to discriminate against the person in compensation or in terms, conditions or

13   privileges of employment."

14       79.    Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, are

15   employers within the meaning of California Government Code section 12926(d) because

16   they regularly employ in excess of five (5) employees.

17       80.    Plaintiff was employed by Defendants SUPERIOR COURT, CJC, AOC, and

18   DOES 1-5, inclusive.

19       81.    Plaintiff suffered adverse employment actions including, but not limited to,

20   severe and pervasive harassment by Defendant MALLERY as set forth in this Complaint.

21       82.    Plaintiff is informed and believes and thereon alleges that her sex or gender

22   was a substantial motivating reason for said harassment.

23       83.    Plaintiff is informed and believes and thereon alleges that at all times relevant

24   hereto, Defendant MALLERY was the proxy or alter ego of Defendants SUPERIOR

25   COURT, CJC, AOC, and DOES 1-5, inclusive, because he exercised significant control over

26   the affairs of said Defendants.

27       84.    Plaintiff is informed and believes and thereon alleges that at all times relevant

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

1 hereto, Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive, authorized or

2 furthered the conduct of Defendant MALLERY as alleged herein.

3    85.    Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, and/or

4 members of said Defendants' management, knew or should have known of the harassing

5 conduct and failed to take prompt, effective remedial action reasonably calculated to end

6 the harassment.

7    86.    Said Defendants' actions or inactions were a substantial factor in causing

8 Plaintiff's injuries.

9    87.    As a direct, foreseeable, and proximate result of said Defendants' conduct as

10 alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be

11 proven at trial.

12    88.    As a direct, foreseeable, and proximate result of said Defendants' conduct as

13 alleged herein, Plaintiff has endured pain and suffering in the form of great anxiety,

14 depression, humiliation, embarrassment, anger, loss of enjoyment of life, and emotional

15 distress, the precise amount of which will be proven at trial.

16    89.    As a direct, foreseeable, and proximate result of said Defendants' conduct as

17 alleged herein, Plaintiff has incurred special and general damages, the precise amount of

18 which will be proven at trial.

19    90.    As a direct, foreseeable, and proximate result of said Defendants' conduct as

20 alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of

21 suit, the precise amount of which will be proven at trial.

22 **FOURTH CLAIM FOR RELIEF**
**(Sex/Gender Harassment in Violation of Cal. Gov. Code § 12940(j))**
23 **(Against All Defendants)**

24    91.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

25 through 90, as though fully set forth herein.

26    92.    Pursuant to California Government Code section 12940(j), it is an unlawful

27 employment practice for an employer, its agents, or any other person, to harass an

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*Barone v. Superior Court of California, County of Lassen, et al.*

1   employee on the basis of sex or gender.

2        93.    Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, are

3   employer within the meaning of California Government Code section 12640(j)(4)(A)

4   because they regularly employ one or more persons.

5        94.    Plaintiff was employed by Defendants SUPERIOR COURT, CJC, AOC, and

6   DOES 1-5, inclusive.

7        95.    While employed by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-

8   5, inclusive, Plaintiff was subjected to unwelcome harassing conduct in the workplace

9   based upon her sex or gender by Defendants MALLERY and DOES 6-10.

10       96.    The harassing conduct was severe or pervasive.

11       97.    The harassing conduct altered the terms and conditions of Plaintiff's

12   employment and created an abusive working environment.

13       98.    Plaintiff perceived the working environment to be abusive and hostile.

14       99.    A reasonable woman in Plaintiff's circumstances would have considered the

15   work environment to be hostile or abusive.

16       100.   Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, or their

17   agents, knew or should have known of the harassing conduct and failed to take immediate

18   and appropriate corrective action.

19       101.   The actions and/or failure to act by Defendants SUPERIOR COURT, CJC,

20   AOC, and DOES 1-5, inclusive, and Defendants MALLERY and DOES 6-10, inclusive, were

21   substantial factors in causing Plaintiff's harm.

22       102.   As a direct, foreseeable, and proximate result of said Defendants' conduct as

23   alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be

24   proven at trial.

25       103.   As a direct, foreseeable, and proximate result of said Defendants' conduct as

26   alleged herein, Plaintiff has endured pain and suffering in the form of great anxiety, anger,

27   depression, humiliation, loss of enjoyment of life, and emotional distress, the precise

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

1   amount of which will be proven at trial.

2   104.   As a direct, foreseeable, and proximate result of said Defendants' conduct as
3   alleged herein, Plaintiff has incurred special and general damages, the precise amount of
4   which will be proven at trial.

5   105.   As a direct, foreseeable, and proximate result of said Defendants' conduct as
6   alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of
7   suit, the precise amount of which will be proven at trial.

8   106.   Defendants MALLERY and DOES 6-10 committed the acts alleged herein
9   maliciously and oppressively, and with the wrongful intention of injuring Plaintiff, and
10   acted with an improper and evil motive amounting to malice.  Alternatively, the despicable
11   conduct of Defendant MALLERY and DOES 6-10 was carried out in conscious disregard of
12   Plaintiff's rights.

13   **FIFTH CLAIM FOR RELIEF**
   **(Retaliation for Protected Activity in Violation of Cal. Gov. Code §12940(h))**
14   **(Against Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive)**

15   107.   Plaintiff incorporates the allegations contained in paragraphs 1 through 106,
16   as though fully set forth herein.

17   108.   Pursuant to California Government Code section 12490(h), it is an unlawful
18   employment practice for an employer to retaliate against an employee because the
19   employee has opposed any practices forbidden under Government Code §§ 12900 through
20   12966, or because the employee has filed a complaint, testified, or assisted in any
21   proceeding under the FEHA.

22   109.   Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, are
23   employers within the meaning of California Government Code section 12926(d) because
24   they regularly employ in excess of five (5) employees.

25   110.   Plaintiff was employed by Defendants SUPERIOR COURT, CJC, AOC, and
26   DOES 1-5, inclusive.

27   111.   Plaintiff complained to Defendants SUPERIOR COURT, CJC, AOC, and

- 27 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

1   DOES 1-5, inclusive, and to the DFEH and EEOC about, among other things, a hostile work

2   environment caused by Defendant MALLERY's actions as alleged herein.

3       112.   Plaintiff suffered adverse employment actions including, but not limited to

4   severe and pervasive harassment as set forth in this Complaint.

5       113.   Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive,

6   engaged in conduct that, taken as a whole, materially and adversely affected the terms and

7   conditions of Plaintiff's employment.

8       114.   Plaintiff's complaints of a hostile work environment were a motivating reason

9   for the adverse employment actions taken against Plaintiff.

10      115.   Plaintiff was injured.

11      116.   The actions of Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5,

12  inclusive, were substantial factors in causing Plaintiff's injury.

13      117.   As a direct, foreseeable, and proximate result of said Defendants' conduct as

14  alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be

15  proven at trial.

16      118.   As a direct, foreseeable, and proximate result of said Defendants' conduct as

17  alleged herein, Plaintiff has endured pain and suffering in the form of great anxiety,

18  embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount

19  of which will be proven at trial.

20      119.   As a direct, foreseeable, and proximate result of said Defendants' conduct as

21  alleged herein, Plaintiff has incurred special and general damages, the precise amount of

22  which will be proven at trial.

23      120.   As a direct, foreseeable, and proximate result of said Defendants' conduct as

24  alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of

25  suit, the precise amount of which will be proven at trial.

26  ///

27  ///

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

### SIXTH CLAIM FOR RELIEF
**(Failure to Prevent Discrimination in Violation of Cal. Gov. Code § 12490(k))**
**(Against Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive)**

121.    Plaintiff incorporates the allegations contained in paragraphs 1 through 120, as though fully set forth herein.

122.    Pursuant to California Government Code section 12490(k), it is an unlawful employment practice for an employer to fail to take reasonable steps to prevent discrimination from occurring.   At all times relevant hereto, California Government Code section 12490(k) was in effect and binding upon Defendants SUPERIOR COURT and DOES 1-5, inclusive.

123.    Plaintiff was employed by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive.

124.    Plaintiff was subjected to unlawful discrimination, harassment and retaliation because of her gender and protected activities, as alleged in this Complaint.

125.    Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, failed to take reasonable steps to prevent the harassment, discrimination or retaliation described herein.

126.    Plaintiff was harmed.

127.    Said Defendants' actions or failure to act, as described herein, were substantial factors in causing Plaintiff's harm.

128.    As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has lost past and future income, employment and career opportunities, and other economic loss, the precise amount of which will be proven at trial.

129.    As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has endured pain and suffering in the form of great anxiety, depression, humiliation, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

130.    As a direct, foreseeable, and proximate result of said Defendants' conduct as

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

1  alleged herein, Plaintiff has incurred special and general damages, the precise amount of

2  which will be proven at trial.

3    131.    As a direct, foreseeable, and proximate result of said Defendants' conduct as

4  alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of

5  suit, the precise amount of which will be proven at trial.

### SEVENTH CLAIM FOR RELIEF
**(Retaliation for Whistleblowing and Interference with Protected Activities
in Violation of Cal. Gov. Code § 8547.13)
(Against All Defendants)**

9    132.    Plaintiff incorporates the allegations contained in paragraphs 1 through 131,

10  as though fully set forth herein.

11    133.    At all times relevant hereto, the California Whistleblower Protection Act

12  (Government Code sections 8547 through 8547.15), was in effect and binding on

13  Defendants.

14    134.    Government Code section 8547.13 provides that "any person who

15  intentionally engages of acts of reprisal, retaliation, threats, coercion, or similar acts against

16  a university employee . . . for having made a protected disclosure shall be liable in an

17  action for damages. . ."    Pursuant to Government Code section 8547.2(e), a "protected

18  disclosure" means "a good faith communication . . . that discloses or demonstrates an

19  intention to disclose information that may evidence . . . an improper governmental

20  activity."    Pursuant to Government Code section 8547(c), "improper governmental

21  activity" means any activity by a state agency or by an employee that is undertaken in the

22  performance of the employee's duties . . . and that (1) is in violation of any state or federal

23  law or regulation, including, but not limited to, corruption, malfeasance, bribery, theft of

24  government property, fraudulent claims, fraud, coercion, conversion, malicious

25  prosecution, misuse of government property, or willful omission to perform duty, (2) is in

26  violation of an Executive order of the Governor, a California Rule of Court, or any policy or

27  procedure mandated by the State Administrative Manual or State Contracting Manual, or

- 30 -

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

1  (3) is economically wasteful, involves gross misconduct, incompetency, or inefficiency."

2  135.   As described in this Complaint, during her employment, Plaintiff made
3  disclosures of information that may evidence improper governmental activity to
4  Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, by and through their
5  agents and employees, as well as to the DFEH, the EEOC and the CJP.

6  136.   As set forth in this Complaint , Defendants engaged in acts of reprisal against
7  Plaintiff by subjecting Plaintiff to adverse employment actions and otherwise engaging in
8  conduct that, taken as a whole, materially and adversely affected the terms and conditions
9  of Plaintiff's employment with Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5,
10  inclusive.

11  137.   Plaintiff is informed and believes and thereon alleges that Plaintiff's protected
12  disclosures, as set forth above, were contributing factors in the adverse employment
13  actions and other conduct taken against Plaintiff by Defendants.

14  138.   Government Code section 8547.13(i) prohibits an employee from directly or
15  indirectly using or attempting to use the official authority or influence of the employee for
16  the purpose of intimidating, threatening, coercing, commanding, or attempting to
17  intimidate, threaten, coerce, or command any person for the purpose of interfering with the
18  rights conferred pursuant to the Whistleblower Protection Act.

19  139.   Defendants MALLERY and DOES 6-10, inclusive, directly or indirectly used
20  or attempted to use their official authority or influence for the purpose of intimidating,
21  threatening, coercing, commanding, or attempting to intimidate, threaten, coerce, or
22  command Plaintiff for the purpose of interfering with the rights of Plaintiff conferred
23  under the Whistleblower Protection Act.

24  140.   Plaintiff was harmed.

25  141.   Plaintiff is informed and believes and thereon alleges that Defendants'
26  conduct was a substantial factor in causing her harm.

27  142.   As a direct, foreseeable, and proximate result of Defendants' conduct as

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
*Barone v. Superior Court of California, County of Lassen, et al.*

1    alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be

2    proven at trial.

3        143.    As a direct, foreseeable, and proximate result of Defendants' conduct as

4    alleged herein, Plaintiff has endured pain and suffering in the form of great humiliation,

5    embarrassment, loss of enjoyment of life, and emotional distress in excess of the

6    jurisdictional limits of this Court, the precise amount of which will be proven at trial.

7        144.    As a direct, foreseeable, and proximate result of Defendants' conduct as

8    alleged herein, Plaintiff has incurred special and general damages, the precise amount of

9    which will be proven at trial.

10       145.    As a direct, foreseeable, and proximate result of Defendants' conduct as

11   alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of

12   suit, the precise amount of which will be proven at trial.

13       146.    Defendants MALLERY and DOES 6-10 committed the acts alleged herein

14   maliciously and oppressively, and with the wrongful intention of injuring Plaintiff, and

15   acted with an improper and evil motive amounting to malice.  Alternatively, the despicable

16   conduct of Defendant MALLERY and DOES 6-10 was carried out in conscious disregard of

17   Plaintiff's rights.

18                              **PRAYER FOR RELIEF**

19   WHEREFORE, Plaintiff prays for relief as follows:

20   1.      For general damages;

21   2.      For special damages;

22   3.      For the following injunctive relief:

23           a.  An injunction restraining Defendants SUPERIOR COURT, CJC, AOC, and

24               DOES 1-5, inclusive, along with its supervising employees, agents and all

25               those subject to its control or acting in concert with it, from causing,

26               encouraging, condoning or permitting the practice of harassment or

27               discrimination and the willful violation of California labor laws related to

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

- 32 -

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

workplace harassment and discrimination;

b. Affirmative relief requiring Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, to conduct training of all employees to "sensitize" them to the harmful nature of discriminating against or harassing an employee because of the employee's gender.  The proposed plan of education and training should also include training and detection, and correction and prevention of such practices;

c. Affirmative relief requiring Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, to notify all employees and supervisors, through individual letters and permanent posting in prominent locations, that discrimination and harassment violate FEHA, and the consequences of such violations;

d. Affirmative relief requiring Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, to develop clear and effective policies and procedures for employees complaining of harassment and/or discrimination so they may have their complaints promptly and thoroughly investigated (by a neutral fact finder) and informal as well as formal processes for hearing, adjudication and appeal of the complaints; and

e. Affirmative relief requiring Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, to develop appropriate sanctions or disciplinary measures for supervisors or other employees who are found to have committed harassing or discriminatory acts, including warnings to the offending person and notations in that person's employment record for reference in the event future complaints are directed against that person, and dismissal where other measures fail.

4.    For attorneys' fees;

- 33 -

5.    For penalties as provided by law;

6.    For punitive damages against Defendants MALLERY and DOES 6-10 as provided by law;

7.    For costs of suit;

8.    For prejudgment interest; and,

9.    For such other and further relief as the Court may deem just and proper.

Date: September 2, 2016                LAW OFFICES OF MARY-ALICE COLEMAN, P.C.

By: _____

MARY-ALICE COLEMAN, ESQ.
DIANNE SCHAUMBURG, ESQ.
Attorneys for Plaintiff,
ANDI BARONE

LAW OFFICES OF MARY-ALICE COLEMAN, P.C.
1109 KENNEDY PLACE, SUITE 2
DAVIS, CALIFORNIA 95616

- 34 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

*Barone v. Superior Court of California, County of Lassen, et al.*